**Delmar Lee WATSON,**
**Plaintiff-Appellant,**

v.

**Dolph BRISCOE et al.,**
**Defendants-Appellees.**

No. 74–3488
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 22, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Delmar Lee Watson, pro se.

John L. Hill, Atty. Gen., Austin, Tex., Larry F. York, 1st Asst. Atty. Gen., Houston, Tex., Joe B. Dibrell, Jack Boone, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, RONEY, and HILL, Circuit Judges.

PER CURIAM:

Here, a prisoner plaintiff appeals the district court's dismissal of his § 1983 complaint on the ground that the claims essentially constituted habeas corpus claims and therefore needed to pass through state remedial machinery before entering federal court. We agree with the district court as to most of the claims, but remand those claims for a determination of whether dismissal or stay of proceedings presents the preferable course of action. As to non-*habeas* type claims, we affirm the dismissal, as these claims have no merit.

Watson, the prisoner plaintiff in this case, brought a 1983 suit asserting that his constitutional rights had been violated by prison officials in punishing him for not performing manual labor. His complaint alleges that the prison medical staff erroneously determined that he had no physical disability and was fit for manual labor duty. Watson claimed physical disability and was later determined in fact to be physically incapable of manual labor. But prior to this discovery, he was penalized for refusing to do manual labor by loss of good time credits, class, and points, as recorded in disciplinary reports. He alleges that the prison staff was negligent in failing to ascertain his correct medical disability earlier.

Furthermore, he alleges some deficiency in parole board proceedings. He claims that the parole board denied parole, and in so doing, considered the disciplinary reports revoking good time credit, even though by the time the parole board heard the case, the prison staff had discovered its error in assessing his physical condition. He also claims some procedural infirmity in the parole proceedings—denial of retained counsel, denial of opportunity to testify personally, and denial of access to parole hearing record.

As relief, the complaint requests:

**652**

(1) a declaratory judgment that the alleged acts violate the constitution;

(2) an injunction

(a) requiring the parole board to review its decision immediately;

(b) requiring prison officials to expunge from Watson's record the disciplinary reports based on erroneous judgments of plaintiff's physical condition; and

(c) restoring good time credits, class, and points;

(3) compensatory and punitive damages; and

(4) jury trial costs, and attorney fees (should an attorney be appointed at trial).

The district court dismissed the complaint on the authority of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), stating that the action is in effect a habeas corpus action necessitating exhaustion of state remedies.

■ Watson's *pro se* appeal attacks the district court's reliance on *Preiser* and further alleges that the dismissal of the complaint violates his first amendment right to petition for the redress of grievances and his seventh amendment right for trial by jury. These latter two issues being insubstantial, discussion will center on the *Preiser* issue.

■ Under *Preiser*, clearly, an injunction restoring good time and mandating immediate parole review is a *habeas* matter and therefore the district court correctly determined that it should not hear this issue prior to exhaustion of state remedies. Under *Fulford v. Klein*, 5 Cir. (*en banc*) 1977, 550 F.2d 342, and *Meadows v. Evans*, 5 Cir. (*en banc*) 1977, 550 F.2d 345, the damage claims were also properly denied insofar as they dealt with matters affecting the fact or length of Watson's confinement. These cases also bar a declaratory judgment on these issues at this time, as well as a declaratory judgment stating that the decision of the parole board violated due process both in matters of procedure and in the matter of consideration of invalid disciplinary reports.

■ *Preiser, Fulford,* and *Meadows* do, however, permit claims challenging conditions of confinement to proceed without state remedy exhaustion. *Meadows v. Evans*, 529 F.2d 385, at 386. Therefore, there remain viable claims for (1) a declaratory judgment stating that prison officials violated the constitution by the staff's negligence in not discovering plaintiff's true condition and in not informing the parole board of this condition when discovered, and (2) damages for such constitutional deprivation.

This relief not barred turns on whether the prison medical staff's error rises to the level of constitutional violation. It does not. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding medical malpractice not to be cognizable as a 1983 cause of action, absent "deliberate indifference").

Accordingly, we hold that the district court correctly determined that most of the claims presented were essentially *habeas* claims and must demonstrate exhaustion of state remedies. But, following the lead of *Fulford* and *Meadows*, we vacate the district court's order on the claims properly characterized as *habeas* claims, and remand for a district court determination of whether, in light of the statute of limitations on § 1983 claims, it would be more appropriate to stay the action pending state remedy exhaustion, or to dismiss it. As to the issues not properly characterized as habeas corpus claims (medical staff negligence), dismissal was proper.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.