**Walter G. JOHNSON,**
**Petitioner-Appellant,**

v.

**Presley HARDY et al.,**
**Respondents-Appellees.**

No. 79–2832.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1979.

Walter G. Johnson, pro se.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Walter G. Johnson, a Texas prisoner, filed this § 1983 action against certain employees of the Texas Department of Corrections who were involved in disciplinary proceedings against him. He complained that (1) he was not given advance written notice of the charges placed against him, (2) he was denied counsel, (3) he was not allowed to call witnesses, (4) he was not allowed to cross-examine the charging officer, (5) he was not given a complete written record of the hearing, and (6) he was not allowed to appeal the disciplinary committee's decision. Johnson sought the following relief: (1) a declaratory judgment that the alleged acts violated the Constitution, (2) an injunction prohibiting the defendants from denying appellant his procedural rights, (3) compensatory and punitive damages for each day he was held in solitary confinement, and (4) restoration of good-time credits and trusty status.

On March 23, 1979, the district court held that Johnson's proper remedy was by petition for habeas corpus and dismissed for failure to exhaust state remedies. Johnson did not file a notice of appeal from this final judgment. He did, however, file a timely motion to reconsider or, alternatively, a request for an "interlocutory" appeal in forma pauperis, on April 11, and has perfected his right to appeal from the district court's denial of this motion.

Johnson's contention that he was denied due process in the prison disciplinary hearing is in reality a challenge to the duration of his confinement. As such, it may not properly be urged in a § 1983 suit. The injunction he seeks restoring his good-time credit and trusty status was correctly construed by the district court as a request for habeas corpus relief requiring exhaustion of state remedies. *Preiser v. Rodriquez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, Johnson also requests a declaratory judgment and monetary damages. *Preiser*'s holding was limited to suits seeking injunctive restoration of good time. *See id.* at 494. In *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that Nebraska inmates challenging the prison's entire disciplinary process could maintain a limited § 1983 suit for declaratory and monetary relief. Thus, the issue of the general validity of prison disciplinary procedures may be

considered separately from the question whether the good-time credits of a particular inmate should be restored. *Robinson v. Richardson,* 556 F.2d 332, 335 (5th Cir. 1977). This court also has held that the propriety of a § 1983 suit is not to be determined "solely on the basis of the relief sought, *i.e.,* actions for money damages may go forward while actions for injunctive relief from incarceration may not." *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir. 1976), *aff'd en banc,* 550 F.2d 342 (1977); *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir. 1976), *aff'd en banc,* 550 F.2d 345 (1977), *cert. denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457. The rule then is that any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under § 1983 without any requirement of exhaustion of state judicial remedies. Courts should be governed by these classifications regardless of the relief sought or the label placed by the petitioner upon such action. *See also Watson v. Briscoe,* 554 F.2d 650, 652 (5th Cir. 1977).

Johnson does not attempt to launch a broad due process challenge to the Texas prison disciplinary system. Such a challenge would be without merit. This court has previously noted that Texas has adopted procedures that "more than comply" with the due process dictates of *Wolff. Lerma v. Estelle,* 585 F.2d 1297, 1303 (5th Cir. 1978) (Rubin, J., dissenting). He contends only that he lost his good-time credits and trusty status after a constitutionally invalid proceeding. His claims for declaratory and monetary relief arise solely as a result of this single allegedly defective hearing. Consequently, the district court did not err in construing this suit as a habeas claim which could not be maintained for failure to exhaust state remedies.

Both *Fulford* and *Meadows* were remanded to allow the district court to consider whether, in light of the statute of limita-

tions on § 1983 suits, it would be more appropriate to stay the action pending state remedy exhaustion or to dismiss it. Subsequently, another panel noted that a prisoner plaintiff in Texas would be protected by Article 5535, Tex.Rev.Civ.Stat.Ann. (Vernon's Supp.1979), which tolls the statute of limitations as applied to persons imprisoned. *Grundstrom v. Darnell,* 531 F.2d 272, 273 (5th Cir. 1976). It appears, however, that a split has developed among the judges in the Southern District of Texas as to the applicability of Article 5535 to prisoners' civil rights actions. *Compare Stephens v. Curtis,* 450 F.Supp. 141, 143–44 (S.D.Tex.1974), *with Campise v. Hamilton,* 382 F.Supp. 172, 185 (S.D.Tex.1974), *appeal dismissed,* 541 F.2d 279, *cert. denied,* 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552. The most recent decisions hold that the tolling statute does not apply. *Stephens, supra,* 450 F.Supp. at 142.

Although the district court correctly ruled that appellant Johnson's claims in this suit, brought under 42 U.S.C. § 1983, are habeas corpus matters which must first be exhausted in the courts of Texas, Johnson's motion for leave to appeal in forma pauperis is granted, and the district court's denial of the motions to reconsider is vacated and remanded for the limited purpose of considering whether, in light of the statute of limitations on § 1983 suits, the cause should be dismissed or stayed pending exhaustion of state remedies.[1] *Fulford v. Klein,* 529 F.2d 377 (5th Cir. 1976), *aff'd en banc,* 550 F.2d 342 (1977); *Watson v. Briscoe,* 554 F.2d 650 (5th Cir. 1977).

AFFIRMED IN PART, AND IN PART VACATED AND REMANDED.

---

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis,* 5 Cir., 1969, 406 F.2d 1158.