**Clifton FRANKLIN, Plaintiff,**

v.

**Joseph WEBB, Assistant Public Defender, Defendant.**

**No. 80–1466C(5).**

United States District Court, E. D. Missouri, E. D.

March 23, 1981.

Clifton Franklin, pro se.

Cornelius T. Lane, Jr., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on the defendant's motion to dismiss.

The plaintiff is a prisoner in the Missouri State Penitentiary. He claims, without suggesting by whose hand the deed was done, that the transcript of his trial was altered by the removal of some testimony concerning his whereabouts during the commission of the crimes for which he was convicted. The plaintiff alleges he testified at trial that he was in various taverns during the night those crimes were committed but was unable to identify the particular tavern in which he was present at the exact moment they occurred.

The plaintiff asserts that his action arises under 42 U.S.C. § 1983 of the Civil Rights Act. That provision reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ Pro se petitions like that of this plaintiff are liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). While a liberal construction of this complaint might find that it alleges the defendant acted under color of state law to deprive the plaintiff of fair appellate review and that it therefore falls within the parameters of section 1983, this Court believes that the law, as well as comity and common sense, requires a different result.

In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1972), the Court carefully distinguished civil rights actions from those arising under federal habeas corpus, 28 U.S.C. § 2254. Section 2254 provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." 411 U.S. at 484, 93 S.Ct. at 1833. It found that although section 1983 was arguably broad enough to include actions challenging the validity of state prisoners' custody, such claims could not be brought thereunder because section 2254 was the specific avenue promulgated by Congress to redress such wrongs. Prisoners "attacking the validity of the fact or length of their confinement" must rely upon the remedy of habeas corpus as their sole federal remedy. *Id.* at 489–490, 93 S.Ct. at 1836–1837.

The plaintiff at bar challenges the judicial process which resulted in the affirmance of his conviction. In effect, this is an attack on the validity of his confinement pursuant to that conviction. The *Preiser* Court refused to allow a party's facile labeling to frustrate congressional intent and transform a habeas corpus action into a civil rights claim. Other courts have followed that rule. *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979).

Section 2254 actions cannot be brought until a petitioner has exhausted the remedies available to him in state courts. According to the statute:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Court in *Preiser* was especially sensitive to congressional deference to state courts in these matters and noted the importance of comity between state and federal forums. 411 U.S. at 490–491, 93 S.Ct. at 1836–1837.

The circumstances of this case demonstrate the wisdom of that policy. The collusive activities the plaintiff alleges might require the participation of the trial judge, the prosecuting attorney, and the court reporter. The Missouri court system should be given an opportunity to examine this charge before any federal action. The plaintiff does not allege he has ever presented his claims before a state tribunal. Federal habeas corpus is unavailable to a petitioner who has failed to exhaust his state remedies. *Id.* at 477, 93 S.Ct. at 1829.

This Court will not entertain the plaintiff's petition at this time. He should exhaust the available Missouri remedies before seeking federal habeas corpus. We are certain that the state, cognizant of Missouri Supreme Court Rule 27.26, V.A.M.R. 27.26, will act promptly upon this matter.

The plaintiff's claim under section 2254 is DISMISSED without prejudice pending exhaustion of his state remedies.

IT IS SO ORDERED.