**Clifton FRANKLIN, Appellant,**

v.

**Joseph WEBB, Assistant Public Defender, St. Louis, Missouri, Appellee.**

**No. 81–1401.**

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1981.

Decided July 16, 1981.

Clifton Franklin, pro se.

Cornelius T. Lane, Jr., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This matter comes before the court requesting appointment of counsel on appeal. Franklin appeals the district court's dismissal of his section 1983 action, 510 F.Supp. 812. On May 1, 1981, this court entered an order directing Franklin to show cause why his appeal should not be dismissed as frivolous. Franklin asserts in his response to the show cause order that the district court improperly applied the abstention doctrine to this case.

Franklin was convicted of robbery in Missouri state court in 1978 and is currently incarcerated at the Missouri State Penitentiary. He was represented at trial by assistant public defender Joseph Webb. Franklin initiated this section 1983 action against Webb in November 1980, seeking damages for the violation of his civil rights through malpractice and collusion with state officials. The district court determined that Franklin's complaint was, in effect, a petition for federal habeas corpus and treated it as a petition under 28 U.S.C. § 2254. The court dismissed the complaint for failure to plead exhaustion of state remedies. Franklin then filed a motion requesting reconsideration of the order dismissing his claim on the ground that he had filed a motion pursuant to Missouri Supreme Court Rule 27.26 and that the motion had been pending before the Missouri Supreme Court for nearly a year. The district court denied the motion for reconsideration stating:

> Federal courts should not prematurely intervene in pending criminal actions in state court. It would be senseless and a breach of comity to hear testimony in a civil suit seeking money damages while an action challenging the validity of a criminal case is pending before the state tribunals.

Judge Cahill's Memorandum Opinion, April 14, 1981 at 2. The court noted that since the dismissal was without prejudice Franklin could refile his complaint after the state court ruled on the Rule 27.26 motion.

At issue is whether the district court properly dismissed Franklin's section 1983 complaint. The district court based its dismissal of Franklin's complaint on *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *Preiser* involved a section 1983 action brought by prisoners who alleged that they had been denied due process in the deprivation of good conduct time. They sought injunctive relief under section 1983 to compel the restoration of the good time credits by prison officials. In the case of each prisoner in *Preiser* restoration of the credits would have resulted in earlier release dates. The Supreme Court addressed the issue of whether state prisoners could obtain such relief under section 1983. The Court ultimately held that for a state prisoner challenging the fact or duration of his physical imprisonment and where the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez, supra*, 411 U.S. at 494, 93 S.Ct. at 1838. The *Preiser* court also excepted from its holding those section 1983 actions involving damages. The Court stated:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

*Preiser v. Rodriguez, supra*, 411 U.S. at 494, 93 S.Ct. at 1838.

In characterizing Franklin's complaint as a petition for habeas corpus under 28 U.S.C. § 2254, the district court reasoned that the result of Franklin's section 1983 action necessarily turns upon the validity of his conviction. Thus, the district court concluded under *Preiser* Franklin's sole remedy was a writ of habeas corpus under section 2254. Since under section 2254 prisoners are required to exhaust all available state reme-

dies, the court dismissed the complaint. 18 U.S.C. § 2254. The district court correctly focused on the nature of the complaint rather than the relief sought, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979), in determining that the real issue here went to the "traditional purpose of habeas corpus." *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977). But in treating Franklin's section 1983 complaint *solely* as a petition for habeas corpus under section 2254 the district court ignores the deference which the Supreme Court accorded claims for damages under section 1983. *See Preiser v. Rodriguez, supra*, 411 U.S. at 494, 93 S.Ct. at 1838. In its opinion denying the motion for reconsideration the district court states:

> If plaintiff is successful in the state courts, his action here has been enhanced. But even if he does not succeed in vacating the criminal conviction, the subject matter of a section 1983 violation can still be litigated in this court afterward, without the danger of impeding or delaying the criminal prosecution.

What the district court failed to consider is the possibility that by the time Franklin has exhausted his state remedies the statute of limitations for section 1983 actions could have run.[1]

In view of Franklin's assertion that his state petition for habeas corpus has been pending for nearly a year and his *pro se* status, perhaps the best approach is that adopted by the Fifth Circuit Court of Appeals. In section 1983 cases involving issues which go directly to the validity of the prisoner's conviction and claims for damages the Fifth Circuit has remanded them to the district court for consideration of whether in light of the individual statutes of limitations, the case should be stayed pending exhaustion of state remedies. *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977); *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd on rehearing*, 550 F.2d 345, *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977). This approach seems more in keeping with *Preiser* in that it would allow the validity of Franklin's conviction to be determined under section 2254 while adequately safeguarding his right to seek damages under section 1983.

The district court was correct in its determination that under *Preiser v. Rodriguez* Franklin should be required to exhaust his state remedies before proceeding with his claim for restoration of good behavior time credits. However, it is conceivable that the statute of limitations as to his claim for damages under section 1983 could toll before Franklin has had an opportunity to exhaust his state and federal habeas corpus remedies. We therefore remand for consideration of the statute of limitations problem and for further proceedings not inconsistent with the views expressed in this opinion.

---

1. Actions brought under 42 U.S.C. § 1983 are subject to the statutes of limitations in the state where they are brought. *Green v. Ten Eyck*, 572 F.2d 1233 (8th Cir. 1978). *White v. Bloom*, 621 F.2d 276, 280 (8th Cir. 1980), *cert. denied*, 101 S.Ct. 533 (1981), similarly involved a section 1983 action against a public defender. There it was held that the Missouri statute applicable to actions brought under section 1983, is Mo.Ann.Stat. § 516.130(1) which provides for a three-year limitation period.