**Tyrell WEBB, Plaintiff,**

v.

**Detective NEWBERRY, et al.,
Defendants.**

No. 81–592 C (3).

United States District Court,
E. D. Missouri, E. D.

Sept. 14, 1982.

C. Timothy Rice, Jr., St. Louis, Mo., for plaintiff.

Peter M. Kieffer, Assoc. County Counselor, Clayton, Mo., Evans & Dixon, Eugene Buckley, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on the motions for summary judgment of defendants St. Louis County, Kleinknecht, Newberry, and other unknown officers of the St. Louis County Police Department. Plaintiff has filed a memorandum in opposition to the motion.

Defendants contend that summary judgment should be granted in their favor because plaintiff's cause of action is barred by the applicable statute of limitations. That statute, Mo.Rev.Stat. § 516.130(1), provides for a three year period of limitations. *See Gore v. Wochner,* 475 F.Supp. 274, 279 (E.D.Mo.1979). This Missouri statute applies because Congress did not enact a specific statute of limitations applicable to § 1983. Accordingly, courts are required to apply the most appropriate statute provided by state law. *Johnson v. R. E. A.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

In his second amended complaint plaintiff alleges that the constitutional deprivation of which he here complains occurred in March, 1975. Plaintiff's original complaint was filed on May 26, 1981. Defendant thus suggests that plaintiff's claim is time-barred by Mo.Rev.Stat. § 516.130(1). Defendant argues that the tolling provision for persons incarcerated contained in Mo. Rev.Stat. § 516.170 does not apply because plaintiff was free to file a § 1983 claim during the period of his incarceration.[1] The Court believes that plaintiff's claim is time-barred by § 516.130(1), but for different reasons than those suggested by defendant.

Section 516.170, the tolling provision, reads as follows:

Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, *at the time the cause of action accrued* be either within the age of twenty-one

years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

(emphasis added). Thus, the statute, to be applicable here, requires plaintiff's action to have accrued during the term of his incarceration. Although this seems a harsh result, particularly when one suffers a statutory disability very early in the limitations period that is removed only after the statute of limitations has expired, the Court is not free to rewrite the Missouri statutes. Had the Missouri legislature wanted to produce a different result, it could have enacted a statute similar to the Kansas tolling provision. That statute, Kan.Stat.Ann. § 60–515(a), provides for the tolling of the period of limitations for causes of action that accrue during the period of statutory disability or "at any time during the period the statute of limitations is running. . . ." *See Brown v. Bigger,* 622 F.2d 1025, 1026 (10th Cir. 1980). Under a provision such as the Kansas statute, the period of limitations on plaintiff's claim would be tolled. The Missouri legislature, however, has enacted a tolling provision materially dissimilar to the Kansas provision and this Court is bound to follow it as it is written.

Plaintiff's allegations indicate that he was not incarcerated at the time of the alleged constitutional deprivation. Further, the Court need not decide whether plaintiff's 1975 arrest, which was roughly contemporaneous with the alleged constitutional deprivation, constituted imprisonment under § 516.170, for plaintiff was released within twenty hours and the statute indicates that the period of limitations begins to run again as soon as the disability is removed. Thus, looking at plaintiff's allegations in the light most favorable, plaintiff's cause of action accrued no later than March 31, 1975, and the period of limita-

---

1. Defendants' argument is premised on language in *Franklin v. Webb,* 653 F.2d 362 (8th Cir. 1981). The court in *Webb,* however, never considered the statute of limitations question, but in fact, remanded the case to the district court for its resolution of that issue. *Id.* at 364.

tions, untolled by the savings provision in § 516.170, expired on March 31, 1978, some three years before this action was filed. Accordingly, plaintiff's cause must be dismissed.

In accordance with the foregoing,

IT IS HEREBY ORDERED that defendants' motion for summary judgment be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claim be and is DISMISSED with prejudice, each party to bear its own costs.