**Rhonda SCHAUER, Plaintiff,**

v.

**BURLEIGH COUNTY; Burleigh County Sheriff's Department; Sheriff Bob Harvey, in his official capacity and individually; Burleigh County Deputy Sheriff Corrine Christiansen, in her official capacity and individually; Burleigh County Deputy Sheriff Collin Rixen, in his official capacity and individually, Burleigh County Social Services; and Burleigh County Assistant State's Attorney Patricia Burke, Defendants.**

Civ. No. A1–85–37.

United States District Court,
D. North Dakota,
Southwestern Division.

Sept. 17, 1985.

Judith Atkinson, Kathryn L. Dietz, Bismarck, N.D., for plaintiff.

John J. Fox, Ass't State's Atty., John C. Kapsner, Bismarck, N.D., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, Senior District Judge.

This is a civil rights action, under 42 U.S.C. § 1983, arising from the execution of a warrant issued by an Indian tribal court. Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.

On March 7, 1985, this court issued a preliminary injunction, enjoining Defendants "from taking further action against the plaintiff or her children relative to a criminal warrant from the Turtle Mountain Tribal Court." On March 20, 1985, this court entered an order establishing a schedule for expedited disposition of this case. On May 31, 1985, Plaintiff filed a motion for summary judgment and for a permanent injunction. On June 13, 1985, Defendants filed a motion to dismiss, or in the alternative for summary judgment or partial summary judgment and a brief in opposition to Plaintiff's May 31, 1985 motion. On July 22, 1985, this court requested supplemental briefing on the question of abstention pending exhaustion of attacks on the validity of the custody exerted over Plaintiff. That briefing has now been completed, and this memorandum is addressed to the question of abstention.

## FACTS

On February 4, 1985, Turtle Mountain Tribal Court Chief Judge Victor DeLong issued a warrant for the apprehension of Plaintiff. The warrant, which stated that Plaintiff had been charged with the offense of abduction of her minor children without the consent of their legal guardian, was delivered to the Burleigh County Sheriff's Office on February 7, 1985. Two Burleigh County Sheriff's Deputies arrested Plaintiff that same day at United Tribes Educational Technical Center, where she was employed.

Following her arrest, Plaintiff was taken to the Burleigh County Jail and held there for two hours; she was released after she posted cash bond of $150.00. The amount of the bond was determined by Tribal Court Judge DeLong. Though no date for a court appearance was set, the bond was intended to secure Plaintiff's appearance before the tribal court. Plaintiff was not afforded an appearance before a judicial officer at any time before or after she posted bond. The cash bond posted by Plaintiff remains in the possession of the Burleigh County Sheriff's Department.

## DISCUSSION

Plaintiff alleges that the warrant pursuant to which she was apprehended was not valid outside the physical boundaries of the Turtle Mountain Indian Reservation and that her apprehension by Burleigh County authorities was thus wrongful.

Defendants assert that this action must be dismissed because Plaintiff's exclusive attack on the validity of her custody is in an action for habeas corpus relief. Plaintiff asserts that she need not pursue an action in habeas corpus because she is not in Defendants' custody, and that in any event this court should not abstain in this case because she has no other adequate relief available.

Plaintiff argues first that she need not pursue habeas corpus relief because she is not "in custody" for habeas corpus purposes. She concedes that, had the cash bond which she posted been forwarded by Burleigh County authorities to Turtle Mountain tribal authorities, she would be "in custody" of the tribal authorities for habeas corpus purposes. She asserts that she cannot be considered to be in the custody of Burleigh County. In support of her position, Plaintiff cites authorities for the

proposition that when an officer who has no authority to accept a cash bond nonetheless accepts such a bond, the money remains the property of the depositor and the officer merely holds the money in trust for the depositor. Plaintiff argues that the Burleigh County deputies had no authority to accept her cash bond as agents of the Turtle Mountain Tribal Court and that because they had no such authority, there was no bail taken or custody exercised for habeas corpus purposes. This court is not persuaded by Plaintiff's reasoning.

■ Custody, for purposes of habeas corpus, is a restraint on a person's liberty not shared by the public in general. *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373, 376, 9 L.Ed.2d 285 (1963) (person released on parole "in custody" for habeas corpus purposes). Plaintiff posted cash bond of $150.00 to secure her release from the Burleigh County Jail. That is a restraint on liberty not shared by the public in general. *See Hensley v. Municipal Court*, 411 U.S. 345, 353, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973) (person released on own recognizance "in custody" for habeas corpus purposes). A violation of the bond could subject Plaintiff to other restraints on her liberty. Regardless of whether the burden of posting bond was imposed on Plaintiff wrongfully, the burden was imposed. This court concludes that Plaintiff is in custody for habeas corpus purposes. Whether she is in the custody of Burleigh County or of the Turtle Mountain Tribal Court need not be decided at this juncture.

■ Having concluded that Plaintiff is "in custody" for habeas corpus purposes, this court must consider the question of abstention on the instant § 1983 claim pending exhaustion of attacks on the validity of custody. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that the sole federal remedy for a state prisoner challenging the very fact or duration of confinement is a writ of habeas corpus and not an action under 42 U.S.C. § 1983. In the instant case, though Plaintiff may be in state custody, she is charged in a tribal court rather than in a state court. Considerations underlying the *Preiser* decision, however, are analogous whether the action is in tribal court or in state court. *Davis v. Muellar*, 643 F.2d 521 (8th Cir.), *cert. denied*, 454 U.S. 892, 102 S.Ct. 387, 70 L.Ed.2d 206 (1981). Comity principles are grounded on desires to avoid unnecessary interference with another court and to give another court the first chance to remedy any mistakes it may have made. *Id.*, 411 U.S., at 491, 93 S.Ct. at 1837. Thus, insofar as Plaintiff seeks equitable relief, her sole federal remedy lies in the writ of habeas corpus. This action cannot be considered as a petition for a writ of habeas corpus because Plaintiff has not exhausted state or tribal remedies or shown any reason why exhaustion should not be required.

In addition to equitable relief, Plaintiff seeks monetary damages. Defendants assert that this court should abstain from deciding Plaintiff's § 1983 suit for damages pending the collateral exhaustion of attacks on the custody itself. The Supreme Court has not ruled on the issue. It recently observed:

> We therefore have no occasion to decide if a Federal District Court should abstain from deciding a § 1983 suit for damages stemming from an unlawful conviction pending the collateral exhaustion of state-court attacks on the conviction itself.

*Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Several of the Courts of Appeals have, however, faced that question and have determined that the federal courts should properly abstain from deciding § 1983 claims in such circumstances. *Hadley v. Werner*, 753 F.2d 514 (6th Cir.1985); *Meadows v. Evans*, 529 F.2d 385 (1976), *aff'd en banc*, 550 F.2d 345 (5th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Martin v. Merola*, 532 F.2d 191 (2nd Cir.1976); *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir.1974); *see also Franklin v. Webb*, 653 F.2d 362 (8th Cir.1981). Plaintiff's claim for damages is intertwined with her claim for eq-

uitable relief and a determination on Plaintiff's damage claim would require a determination of the validity of Plaintiff's custody. Therefore, this court will abstain from deciding Plaintiff's damage claim pending her exhaustion of attacks, in the state or tribal courts, on the validity of her custody. *See Miner v. Brackney,* 719 F.2d 954 (8th Cir.1983); *Caldwell v. Camp,* 594 F.2d 705 (8th Cir.1979).

Plaintiff argues that disposition of her damages claim could not annul the proceedings of another court and so principles of comity do not dictate abstention. While disposition of the damage claim may not be intertwined with disposition of the tribal court charge against Plaintiff, the same cannot be said for the damage claim and Plaintiff's claim for equitable relief through a habeas corpus proceeding; both involve a determination of the validity of Plaintiff's custody.

Plaintiff asserts that she cannot be afforded complete relief in a habeas corpus proceeding. This is true. But this court concludes that considerations of comity outweigh considerations of judicial economy in this case.

Plaintiff then argues, citing *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974), that exhaustion is not required because she seeks prospective equitable relief. In *Wolff,* the Court found that, while state proceedings to seek restoration of good time credits were pending, the federal district court properly considered a § 1983 damage claim which involved a determination of the validity of procedures employed for imposing sanctions for prisoner misconduct. The damage claim in *Wolff,* unlike the instant damage claim, did not require a determination that was central to the state proceeding. In any event, it is clear from the language of *Tower* quoted above that the Supreme Court does not consider its decision in *Wolff* to have resolved the question of abstention pending exhaustion of attacks on the conviction itself.

Plaintiff also asserts that her case is distinguishable from those requiring exhaustion because there has been no criminal conviction or because there is no pending state criminal proceeding. Though there has apparently been no further action taken against Plaintiff, the tribal court charge against her awaits disposition; it is therefore clear that there are criminal proceedings pending against Plaintiff. As discussed above, Plaintiff is "in custody" for habeas corpus purposes and has not exhausted attacks on that custody. She suggests no considerations which would dictate differentiating between cases where the validity of a conviction is attacked and cases where the validity of pretrial custody is attacked.

Plaintiff argues finally that she simply has no other adequate form of relief. However, Plaintiff will be free to pursue her claim for equitable relief in a habeas corpus proceeding and to pursue her § 1983 damage claim when habeas corpus remedies have been exhausted. Dismissal of this action will entail dissolution of the preliminary injunction currently in force. In issuing that injunction, this court expressed its doubts over the validity of the procedure employed for execution of the tribal warrant for Plaintiff's arrest, but did not decide that question on its merits. Proceedings on disposition of the tribal charge will not be affected by dissolution of the injunction; this court's order did not enjoin those proceedings and, as Plaintiff observed in her brief, her alleged unlawful arrest would likely not affect the outcome of the tribal court proceedings unless fruits of the unlawful arrest were used in those proceedings. Dismissal of this action, without prejudice, will not leave Plaintiff without a remedy which she would otherwise have had.

In *Franklin v. Webb,* the Eighth Circuit suggested that a § 1983 damage claim might be considered before state remedies are exhausted if the § 1983 action might be barred by a statute of limitations by the time state remedies were exhausted. 653 F.2d at 364. That case was remanded for a determination on the statute of limitations question. Since the actions which are the

subject of this complaint occurred only approximately seven months ago, it appears unlikely that the applicable statute of limitations will have run before Plaintiff has an opportunity to exhaust attacks on the validity of her custody. This court would be open to a motion for reconsideration if Plaintiff demonstrated otherwise.

In light of these conclusions, it is not necessary that this court address the other motions pending in this action.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED:

1). This action, insofar as Plaintiff seeks equitable relief, is dismissed under the doctrine of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

2). This action, insofar as Plaintiff seeks monetary damages, is dismissed without prejudice to the commencement of another action on the same cause or causes and without costs to any party.

3). The preliminary injunction issued March 7, 1985 is dissolved.