Ronnie BLADE–BEY, Plaintiff,

v.

Steven OLISH, et al., Defendants.

No. 85–2699C(1).

United States District Court,
E.D. Missouri, E.D.

May 21, 1986.

Ronnie Blade-Bey, pro se.

Richard L. Constance, Asst. City Counselor, St. Louis, Mo., for Steven Olish, Albert Thompson, Roy White and Michael Fears.

James C. Dellworth, Asst. Federal Public Defender, St. Louis, Mo., pro se.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for Richard Poehling.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that the motion to dismiss of defendant Richard Poehling be and is granted.

IT IS FURTHER ORDERED that the motion to dismiss of defendant James C. Delworth be and is granted.

IT IS FURTHER ORDERED that the joint motion of defendants Thompson, White, Fears, and Olish for summary judgment be and is granted.

This cause is before the Court on the motion to dismiss of defendant James C. Delworth, the motion to dismiss or, in the alternative, for summary judgment of defendant Richard Poehling, and the joint motion of defendants Thompson, White, Fears, and Olish for summary judgment.

Following a jury trial in a federal district court of this division, Ronnie Blade-Bey was found guilty of violating Title 18, United States Code Appendix, Section 1202(a)(1).[1] By the instant action, plaintiff Ronnie Blade-Bey sues the Assistant United States Attorney, the Federal Public Defender, and the witnesses involved in his criminal trial for violations of rights guaranteed to plaintiff by the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks to enjoin the United States from further criminal prosecution of the plaintiff, compensatory damages in the amount of $5,000,000.00 and punitive damages in the amount of $6,000,000.00. Plaintiff asserts § 1983 claims against the City of St. Louis Police Officers who arrested plaintiff and testified at his federal criminal trial. As plaintiff alleges, these officers conspired to file a false police report, conduct an impermissible line-up identification, and suborn perjured testimony at trial, thereby denying plaintiff his right to due process. Plaintiff alleges that Assistant U.S. Attorney Poehling and Federal Public Defender Delworth joined in this conspiracy.

■ The gravamen of plaintiff's complaint is that these defendants conspired to deprive him of constitutional rights by manufacturing evidence and suborning perjured testimony. As defendants argue, plaintiff fails to allege sufficient facts to state a conspiracy claim. Allegations that

a public defender has conspired with the prosecutor and arresting officers to deprive plaintiff of federally protected rights state a claim under § 1983. *See Tower v. Glover,* 467 U.S. 914, 916, 104 S.Ct. 2820, 2822, 81 L.Ed.2d 758 (1984). To be sufficiently specific, plaintiff must at least allege that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding and provide some facts suggesting such a meeting of the minds. *Smith v. Bacon,* 699 F.2d 434, 436–37 (8th Cir.1983) (citing *White v. Walsh,* 649 F.2d 560, 561 (8th Cir.1981)). Here, plaintiff alleges no facts which suggest that the defendants had any mutual understanding. Therefore, this Court finds that plaintiff's complaint fails to state a claim.

■ As defendant Poehling further argues, as an Assistant United States Attorney he is *immune from liability for the acts* alleged in plaintiff's complaint. Generally, federal officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights known to a reasonable person. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978); *accord Green v. White,* 693 F.2d 45 (8th Cir.1982). However, absolute immunity may be claimed by officials performing certain special functions, including prosecution of federal crimes. *Cleavinger v. Saxner,* —— U.S. ——, ——, 106 S.Ct. 496, 499, 88 L.Ed.2d 507 (1985) (citing *Yaselli v. Goff,* 275 U.S. 503 (1927), *aff'g* 12 F.2d 396 (2d Cir.1926)). Therefore, plaintiff fails to state a claim against Assistant U.S. Attorney Poehling.

■ Finally, plaintiff asserts that City of St. Louis Police Officers offered perjured

---

1. Plaintiff's appeal from his criminal conviction is pending before the Eighth Circuit. In some cases, it may be appropriate to stay a § 1983 action which attacks a criminal conviction until the individual exhausts her appeals. *See Franklin v. Webb,* 653 F.2d 362, 364 (8th Cir.1981)

(§ 1983 action stayed pending exhaustion of state remedies). Here, however, the Court dismisses plaintiff's action before reaching its merits and, therefore, need not wait for the disposition of the appeal.

testimony at his criminal trial. Witnesses, including police officers, are immune from civil liability for giving perjured testimony at any criminal proceeding. *Briscoe v. La-Hue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 1110, 75 L.Ed.2d 96 (1983). For this additional reason, plaintiff's claim is dismissed.