_____

No. 95-4232
_____

Lawrence Wayne Corum,                    *
                                         *
          Appellant,                     *
                                         *
     v.                                  *  Appeal from the United States
                                         *  District Court for the
Thomas K. McGuire, Jr., Greene           *  Western District of Missouri.
County Circuit Court Judge;              *
Mel Carnahan, Governor of the            *       [UNPUBLISHED]
State of Missouri; Dr. White,            *
                                         *
          Appellees.                     *


_____

          Submitted:  October 7, 1996

              Filed:  October 15, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Lawrence W. Corum, a Missouri inmate, appeals from the district
court's[1] order granting the defendants' motion to dismiss his 42 U.S.C. §
1983 action.  We affirm.


     Corum filed this section 1983 action against then Greene County
Circuit Court Judge Thomas K. McGuire, Jr., Governor Mel Carnahan, and
former Missouri Department of Corrections employee Dr. White, seeking
declaratory relief and damages.  Corum claimed that his equal protection
and due process rights were violated because he was charged by information,
rather than indictment; because he pleaded guilty and was sentenced by
Judge McGuire under

_____

     [1]The Honorable Russell G. Clark, United States District Court
for the Western District of Missouri.

a repealed statute; because Judge McGuire was mentally incompetent at the time he accepted Corum's plea; and because the disparity between his sentence and those Judge McGuire gave to "other individuals sentenced by the court" demonstrated judicial bias. Corum further alleged Governor Carnahan's office deceptively led his wife to believe his petition for clemency would be seriously considered. As to Dr. White, Corum contended that he was first told he tested positive for tuberculosis and then told he tested negative, and that, notwithstanding his negative results, he submitted to unnecessary treatment after Dr. White told him refusal to submit to the treatment would result in "serious consequences"; Corum claimed the unwanted treatment constituted an assault and battery. Upon the defendants' motions, the district court dismissed Corum's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

We review de novo the grant of dismissal under Rule 12(b)(6), viewing the complaint in the light most favorable to Corum, and affirming only if it appears beyond doubt that he can prove no set of facts that would entitle him to relief. See Weaver v. Clark, 45 F.3d 1253, 1255 (8th Cir. 1995) (standard of review).

Corum cannot challenge the validity of his conviction and sentence in this section 1983 action, but must do so through a habeas corpus action against the appropriate Missouri prison official, and then only after he has exhausted all of his available adequate state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Franklin v. Webb, 653 F.2d 362, 364 (8th Cir. 1981) (per curiam) (correct to focus on nature of complaint rather than relief sought); Offet v. Solem, 823 F.2d 1256, 1258 (8th Cir. 1987) (applying Preiser to § 1983 action seeking declaratory relief). Furthermore, to the extent Corum seeks damages for his allegedly unconstitutional conviction and sentence, his section 1983 action is barred until he can show his conviction or sentence has been invalidated. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994);

see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (judicial immunity).

Corum's claim Governor Carnahan deceived him concerning clemency consideration does not implicate any constitutional right. See Cross v. City of Des Moines, 965 F.2d 629, 631-32 (8th Cir. 1992); Otey v. Hopkins, 5 F.3d 1125, 1128-29 n.3 (8th Cir. 1993) ("standardless" clemency statute creates no protectable interest, only right to ask for mercy), cert. denied, 114 S. Ct. 2768 (1994); Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994) (clemency denial discretionary absent interest created in statute).

Finally, even assuming Corum's claim against Dr. White may be liberally construed as a claim that Dr. White was deliberately indifferent to Corum's medical needs, it fails because Corum did not allege that Dr. White knew that Corum's positive test results were not accurate. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) ("prison officials must test prisoners for tuberculosis and treat them . . . if they test positive in order to prevent widespread infection"), cert. denied, 510 U.S. U.S. 875 (1993); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (citation omitted) (prison officials are deliberately indifferent to prisoner's serious medical needs when they actually "know[] of and disregard[]" those needs).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.