IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60213
USDC No. 1:98-CV-314-D-D
_____

GARRY LEE MOORE,

                                        Petitioner-Appellant,

versus

WALTER BOOKER, Superintendent
of Mississippi State Penitentiary;
MIKE MOORE, Attorney General,
State of Mississippi,

                                        Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
---------------------

September 3, 1999

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM[1]:

     Garry Lee Moore, Mississippi prisoner # 46504, requests a
certificate of appealability (COA) to appeal the district court's
denial of his in forma pauperis (IFP) request with respect to his
petition filed purportedly pursuant to 28 U.S.C. § 2241.  Moore
also requests leave to proceed IFP on appeal.

     An order denying an application to proceed IFP is
immediately appealable and thus is properly before this court.

_____

     [1]  Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
475.4.

See Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975).  To obtain a COA when the assigned error concerns a nonconstitutional issue, the applicant must first make a credible showing that the district court erred.  Davis v. Johnson, 158 F.3d 806, 809 (5th Cir. 1998).

The district court construed Moore's petition as challenging the conditions of confinement, consequently determined that the claim must be pursued under 42 U.S.C. § 1983, and denied Moore leave to proceed IFP because he has been barred by 42 U.S.C. § 1915(g) from proceeding IFP in civil actions.

"The line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one."  Cook v. Texas Dep't of Crim. Just. Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).  "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).  A challenge to the fact and duration of confinement must be pursued in a habeas corpus action.  Preiser v. Rodriquez, 411 U.S. 475, 488-90, 500 (1973); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc), cert. denied, 119 S. Ct. 1052 (1999).  When a prisoner challenges a single hearing as constitutionally defective, the challenge must be pursued by writ of habeas corpus.  Serio v. Members of La. St. Bd. of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987); see also Johnson v. Hardy, 601 F.2d 172, 173 (5th Cir. 1979) (prisoner's "contention that he was denied due process in a

prison disciplinary hearing is in reality a challenge to the duration of his confinement.").

In his complaint, Moore alleged that he had been confined in administrative segregation since 1995 after he was found guilty at the disciplinary hearing of conspiring to smuggle U.S. postal money orders into the prison. Moore alleged that the disciplinary hearing had violated his due process rights because the charging officer did not have actual knowledge that he had committed the offense, he had not received adequate notice of the charges against him, there had been an inadequate investigation, false testimony had been given, and the disciplinary board had not given any reasons for crediting the charging officer's testimony over the testimony offered in his behalf.

Moore's contention that he was denied due process in a prison disciplinary hearing is a challenge to the fact and duration of his confinement, and it must be pursued by writ of habeas corpus. Johnson, 601 F.2d at 173; Preiser, 411 U.S. at 488-90; Carson, 112 F.3d at 820. Accordingly, we GRANT a COA and IFP, VACATE the district court's denial of IFP, and REMAND the case to the district court for further proceedings.

COA AND IFP GRANTED; VACATE AND REMAND.