249 F.2d 720
 Matter of the Issuance of a Subpoena to Alfred K. STERN and
Martha Dodd Stern, Citizens of the United States
Presently Residing in Mexico, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 103, Docket 24685.
 United States Court of Appeals Second Circuit.
 Argued Nov. 6, 1957.
Decided Dec. 5, 1957.
 
 Paul W. Williams, U.S. Atty., New York City, Robert Kirtland, and Herbert C. Kantor, Asst. U.S. Atty., New York City., of counsel, for appellee-movant.
 Paul O'Dwyer, New York City, for appellants, in opposition.
 Before SWAN, MEDINA, and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The motion is based upon the affidavit of an Assistant United States Attorney, made on information and belief. The affidavit sets out the following facts: On February 22, 1957, subpoenas were issued, pursuant to orders of a Judge of the District Court for the Southern District of New York, commanding the Sterns to appear before a federal grand jury on March 14, 1957, in the United States Court House in New York City. The subpoenas were personally served upon them in Mexico City on February 27, 1957, by an American Consul. Appearing specially by their attorney, the Sterns moved on March 7, 1957, to quash the subpoenas. After argument their motions were denied on March 12. On the following day the Sterns petitioned this court for a writ of prohibition or mandamus directing the District Judge to vacate the subpoenas and to issue a stay pending disposition of the petition. This court denied the stay on March 14, 1957, and on April 16, 1957, denied per curiam the petition.
 
 
 2
 The grand jury convened on March 14, 1957, but the Sterns did not appear. On the same day Judge Murphy ordered them to show cause on March 26, 1957, why they should not be punished for contempt for failure to obey the subpoenas, and further ordered the Marshal to seize property of the Sterns, not to exceed $100,000 each, within the United States to be held to satisfy any judgment arising out of these proceedings. The order also directed that a copy thereof be served upon the Sterns at least seven days before March 26, 1957. They filed notice of appeal from this order on March 22, 1957.
 
 
 3
 As the American Consul in Mexico City had been unable to serve a copy of the show cause order of March 14, 1957, Judge Murphy amended the return date to April 15, 1957, and the time for service to seven days prior thereto. This amended order was personally served on the Sterns by an American Consul on April 1, 1957. Upon their application the contempt hearing was adjourned from April 15, to April 25, 1957. On that date the hearing was held before Judge Levet and decision reserved. On May 1, 1957, he denied the motion to set aside the show cause order of March 14, 1957, and refused to expunge that portion of the order which directed the Marshal to seize property. On May 6, 1957, Judge Levet held the Sterns in contempt of the District Court and fined them $25,000 each. Notices of appeal from this judgment were filed May 10, 1957.
 
 
 4
 The moving affidavit alleges that during the period from February 28, 1957, to April 24, 1957, the Sterns liquidated assets in the United States worth more than $500,000, and that their purpose in liquidating their assets was to frustrate the court's power to collect the fines. The government has been unable to find any property of the Sterns in the United States, and the fines remain unpaid, although the District Court did not authorize any stay in the execution of its order. Nor did the appellants post any bond pursuant to Rule 38(a)(3), F.R.Cr.P. 18 U.S.C.A. to guarantee payment of the fines.
 
 
 5
 On July 20, 1957, the appellants fled from the Republic of Mexico to Czechoslovakia. They made this trip on Paraguayan passports and purported to be naturalized citizens of Paraguay. It is alleged that their purpose was to remove themselves further from the reach of the judicial power of the United States.
 
 
 6
 The opposing affidavit made by the appellants' attorney denies none of the foregoing facts. It says not a word about their liquidating their assets nor suggests that they have any assets remaining in the United States.
 
 
 7
 Upon the record before us, the conduct of the appellants in liquidating their American assets, abandoning their United States citizenship and going to Czechoslovakia, shows a determined effort to deprive the court of power to execute its mandate if the judgment on appeal should be affirmed. Here we have an undisputed, studied, and successful attempt to render the court powerless to enforce its decree. We see no valid distinction between this case and that of Eisler v. United States, 355 U.S. 857, 69 S.Ct. 130, 93 L.Ed. 904; Id., 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897, certiorari dismissed 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542. Accordingly, we direct the Clerk of the Court ot enter an order dismissing the appeal unless within 60 days from the date of this opinion the appellants shall deposit the amount of their fines and costs in the registry of the district court or give bond for the payment thereof.