**Thomas QUARLES, Petitioner-Appellee,**

v.

**STATE OF ALABAMA,
Respondent-Appellant.**

**No. 78–1229.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1978.

William J. Baxley, Atty. Gen., Sarah M. Greenhaw, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellant.

Joseph C. Sullivan, Jr. (Court Appointed), Mobile, Ala., for petitioner-appellee.

Before GOLDBERG and AINSWORTH, Circuit Judges.

BY THE COURT:

Appellee Quarles was tried and convicted in an Alabama State court of assault with intent to murder. He initiated the instant habeas corpus proceedings in the district court pursuant to 28 U.S.C. § 2254, alleging that he was denied his sixth amendment right to effective assistance of counsel in bringing a direct appeal and a petition for writ of error coram nobis in the state courts. The district court agreed that Quarles was denied "effective counsel to represent him on his State appeal" and granted the state ninety days in which to provide petitioner with an out-of-time appeal and to appoint counsel to represent him throughout the proceedings. The court's order concluded that "[i]f the State of Alabama fails to avail itself of an opportunity to correct this deficiency in the ap-

---

pellate process of this defendant, this court at the end of the ninety day period will enter an appropriate order."

The state appeals from the district court's order. During the early stages of this appeal, however, appellee Quarles escaped from state custody. He is still at large. The state has now filed a motion to dismiss the appeal and to vacate the order of the district court on grounds of mootness.

The D.C. Circuit was faced with an almost identical situation in *Cameron v. Mullen*, 128 U.S.App.D.C. 235, 387 F.2d 193 (1967). There the habeas petitioner escaped from confinement at Saint Elizabeth Hospital after the district court had granted her habeas petition and the government had appealed. The court held that the appeal was not moot, reasoning that the district court had jurisdiction over the petitioner at the time of its order and that "as long as there is an order of restraint on her liberty outstanding, and as long as her custodians are within the jurisdiction, this case is not moot." *Id.* at 238, 387 F.2d at 196 n. 4.

The Supreme Court has likewise concluded in the context of a direct appeal from a state court that "an escape does not strip the case of its character as an adjudicable case or controversy." *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). The Court nonetheless held in *Molinaro* that it had the authority to dismiss the appeal, noting that the escape "disentitles the defendant to call upon the resources of the Court for determination of his claims." *Id.* at 499. As the Court later commented in *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), the Supreme Court "itself has long followed the practice of declining to review the convictions of escaped criminal defendants." *Id.* at 1175. The Tenth Circuit in *Lopez v. Malley*, 552 F.2d 682 (10th Cir. 1977), recently cited *Dorrough* in dismissing a habeas appeal after the appellee escaped from state custody.

In the instant case, the relief ordered by the district court is particularly ill suited for review given the fact that Quarles has escaped from state prison. Under the cir-

cumstances, we hold that the order of the district court shall be vacated and the appeal dismissed should Quarles not be returned to the direct custody of the State of Alabama, by surrender or otherwise, within sixty days of the date of this order. *See Lopez v. Malley, supra*, 552 F.2d at 683. Upon the expiration of the sixty-day period the state shall notify the Court as to whether Quarles has been returned to its direct custody. If the state informs the Court that Quarles is still at large, the order of the district court shall be vacated and the appeal dismissed. If Quarles has been returned, the state shall have the opportunity to proceed with its appeal.

IT IS SO ORDERED.