Robert Otto JOENSEN,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, as Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.

No. 78–3072.

United States Court of Appeals,
Fifth Circuit.

April 23, 1980.

Rehearing and Rehearing En Banc
Denied May 19, 1980.

Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit of Fla., Elliot H. Scherker, Asst. Public Defender, Miami, Fla., for petitioner-appellant.

James H. Greason, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondent-appellee.

Before SIMPSON, TJOFLAT and HILL, Circuit Judges.

SIMPSON, Circuit Judge:

This appeal is from the district court's denial of habeas corpus relief to Joensen, a Florida prisoner presently serving a life sentence pursuant to his May 1953 conviction for murder in the first degree. We affirm.

Notice of appeal from the judgment and sentence was timely filed in August 1953. Thereafter, on November 9, 1953, counsel for petitioner and counsel for the State of Florida entered into a stipulation for dismissal of the appeal, and the Supreme Court of Florida accordingly dismissed the appeal on November 19, 1953.

In 1973 Joensen sought the right to a belated appeal by habeas proceedings in the Southern District of Florida, and that court on March 21, 1974 granted the relief sought. The Florida 3rd District Court of Appeal on May 6, 1974 ordered that an out of time direct appeal be afforded Joensen. The Public Defender of the 11th Judicial Circuit of Florida was appointed to represent the petitioner in the state appellate proceedings. These were duly instituted and proceeded in orderly fashion[1] through the filing of the State's brief on November 20, 1975. Oral argument was scheduled for February 3, 1976.

Unknown at that time to his counsel, Joensen escaped from the custody of Florida authorities on November 9, 1975. By a report filed with the District Court of Appeal on January 28, 1976, Joensen's counsel, the Public Defender, informed the court of petitioner's escape. The following day, January 29, the District Court of Appeal summarily dismissed the pending appeal.[2]

Joensen was recaptured in New York City on April 21, 1976, and returned to the respondent's custody on May 7. His counsel on June 28, 1976 filed a motion to reinstate the appeal, which motion was denied on July 9, 1976. Petitioner's motion to reinstate the appeal was filed June 28, 1976 and denied July 7, 1976.

Following the federal district court's dismissal of a petition for habeas corpus for failure to exhaust state remedies, the petitioner was denied habeas corpus relief by the Supreme Court of Florida.

The instant habeas petition was then filed below in April 1978. A United States Magistrate issued a show cause order to the respondent, and after considering the petition, the response, and a reply Memorandum by the petitioner, pursuant to Title 28, U.S.C. § 636(b)(1) recommended that the petition be denied. Following filing by petitioner of objections to the recommendation, the court below entered its final judgment denying habeas corpus relief. After granting a rehearing, the lower court again denied habeas relief by the entry of the final judgment from which this appeal was taken.[3]

Appellant argues that the Florida appellate court violated his Fourteenth Amendment procedural due process rights by dismissing his belated appeal without giving him notice and an opportunity to be heard and by denying his motion for reinstatement of the appeal without finding that he knowingly abandoned or waived his right to appeal.

■ A criminal defendant has no federal constitutional right to state appellate review of criminal convictions. See for example *Estelle v. Dorrough*, 420 U.S. 534, 536–37, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975) and cases cited therein. Florida law grants a right to appeal from criminal conviction. Fla.Stat. § 924.06 (1979). Once a state grants the right to appeal the Fourteenth Amendment places some constraints upon the denial of the right. *See e. g., Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9

---

1. The proceedings on appeal were prolonged by his counsel's efforts to procure an order for a new trial from the District Court of Appeal, because of difficulties in locating the original court file, particularly the requests for jury instructions. It was urged that the incomplete state of the record entitled Joensen to a new trial. This motion was denied by the 3rd Florida district Court of Appeal on April 23, 1975, and the preparation and filing of briefs was thereafter resumed.

2. The State of Florida on January 30, 1976, filed a motion to dismiss the appeal on the ground of Joensen's escape from custody. The court clearly did not pass upon that motion.

3. The district court granted a certificate of probable cause for this appeal after entry of its final judgment. Title 28, U.S.C. § 2253.

L.Ed.2d 811 (1963); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). But the right to appeal from a state court conviction is not a constitutional right in and of itself. For nearly a century Florida courts have had the discretion to summarily dismiss the appeals of those who flout the appellate process by fleeing custody while the appeal is pending. *Bretti v. Wainwright,* 225 So.2d 516 (Fla.1969), *modified,* 255 So.2d 26 (Fla.1971); *Woodson v. State,* 19 Fla. 549 (1882). This differential treatment accorded escapees does not offend the Fourteenth Amendment.

At one time there was some "suspicion" that an escapee had a right to appeal upon return from fugitive status.[4] The Supreme Court opinion in *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), dispelled the suspicion. In *Molinaro* the criminal defendant escaped while his direct appeal was pending decision of the Court. Consequently the Court summarily and unconditionally dismissed the appeal:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. § 1257(2), we conclude, in light of the *Smith* and *Bonahan* [*v. Nebraska,* 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854] decisions, that the Court has the authority to dismiss the appeal on this ground. The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time.

*Id.* at 366, 90 S.Ct. at 498–499. If the Supreme Court can summarily and unconditionally dismiss an escapee's appeal without offending the constitution, there is no reason why a state court may not do likewise.

This conclusion is fortified by the Court's subsequent decision in *Estelle v. Dorrough, supra. Estelle v. Dorrough* upheld the constitutionality of a Texas statute providing for automatic dismissal of an escapee's appeal with provision for reinstatement if he returned voluntarily within ten days of escape. Appellant attempts to distinguish the case from the instant fact situation because the Texas procedure is legislatively created while the Florida procedure is of judicial origin and because the Texas statute provided for automatic dismissal while in Florida dismissal is at the discretion of the court. He argues that the statute and the fact of automatic dismissal provided constitutionally sufficient notice but that the discretionary judge made law did not. We are not persuaded.

▪ First of all, counsel have not brought to our attention, and we are not aware of, any case recognizing the distinction argued. Second, no case has held that an escapee is constitutionally entitled to notice and opportunity to be heard prior to dismissal of his appeal. On the contrary, *Estelle v. Dorrough* expressly sanctioned the automatic dismissal of an escapee's appeal without prior notice and opportunity to be heard even though the escapee was captured *before* dismissal. If an escapee as in *Estelle v. Dorrough,* who is in custody and available at the time of dismissal, has no constitutional right to notice and hearing before dismissal, then appellant, who was at large and unavailable for hearing or receipt of notice at the time of dismissal, certainly has no constitutional right to notice and hearing.

---

4. *United States v. Shelton,* 508 F.2d 797, 798–99 (5th Cir. 1975), *cert. denied,* 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44. It is unclear whether the right would have been a constitutional right or simply a federal right applicable only to criminal proceedings in the federal courts.

Most of the cases that suggested the existence of the right involved federal convictions. *See Eisler v. United States,* 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949); *McKinney v. United States,* 403 F.2d 57 (5th Cir. 1968).

Appellant attempts one other distinction. Since *Molinaro, supra,* the federal appellate courts have generally dismissed the appeals of escapees, either waiting a reasonable time for surrender or dismissing prospectively unless the defendant surrenders within a certain period of time. *E. g., United States v. Tremont,* 438 F.2d 1202 (1st Cir. 1971); *United States v. Swigart,* 490 F.2d 914 (10th Cir. 1973); *Brinlee v. United States,* 483 F.2d 925 (8th Cir. 1973); *United States v. Shelton, supra.* A court may have discretion to give an escapee time to surrender before it dismisses his appeal, but the court is not constitutionally required to do so. *Molinaro, supra; United States v. Shelton, supra,* 508 F.2d at 798.

Appellant's final argument is that the Florida appellate court offended the constitution by denying reinstatement of the appeal without finding that appellant knowingly waived his right to appeal. He relies heavily upon the decision of this court in *McKinney v. United States, supra.* Appellant's reliance is misplaced. The subsequent decisions of the Supreme Court, *Estelle v. Dorrough, supra,* and *Molinaro, supra,* have undermined our holding in *McKinney, supra. See United States v. Shelton, supra,* 508 F.2d at 799. A criminal defendant abandons his appeal by escaping while the appeal is pending. *Estelle v. Dorrough, supra,* 420 U.S. at 539 n. 7, 95 S.Ct. at 1176, 43 L.Ed.2d at 381; *Allen v. Georgia,* 166 U.S. 138, 141, 17 S.Ct. 525, 526, 41 L.Ed. 949 (1897). *United States v. Smith,* 544 F.2d 832, 834 (5th Cir. 1977). There is no constitutional right to reinstatement of an appeal abandoned by escape. *Estelle v. Dorrough, supra; Estrada v. United States,* 585 F.2d 742 (5th Cir. 1978); *United States v. Smith,* 544 F.2d at 833.

The district court denial of habeas corpus relief was correct and is

AFFIRMED.