**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bruce GRAZIANO, Sam Ward,**
**Defendants-Appellants.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bruce GRAZIANO, Defendant-Appellant.**

**Nos. 81–7569, 81–7657.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 19, 1982.

Garland, Nuckolls & Catts, Austin Catts, Edward T. M. Garland, Steven H. Sadow, Atlanta, Ga., for Graziano.

Orion Douglass, Brunswick, Ga. (Court-appointed), for Ward.

Hinton R. Pierce, U. S. Atty., Melissa S. Mundell, William H. McAbee, II, Asst. U. S. Attys., Savannah, Ga., for plaintiff-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

## ORDER

BY THE COURT:

On April 26, 1982 the government's motion under Rule 38(a)(3) of the Federal Rules of Criminal Procedure for an order requiring the deposit of fines imposed upon the defendant-appellee was docketed in this court. In the alternative, the government requested that appellee be required to give bond for the payment of the fine, submit to an examination of his assets, or that appellee be made the subject of an order to prevent him from dissipating assets during the appeal. It was pointed out, in brief, that it is often difficult to collect fines during the service of a custodial sentence and that the government's chances of collecting the fine may be lessened because of the appeal and because of the considerable period of custody expected.

After giving this motion and the appellant's response (a copy being attached as Appendix A) considerable attention, we issued an order requiring the government to advise us, in general, of the efforts it had made and was making to avoid the position of jeopardy in which it contended it found itself. We have now received and reviewed that response. A copy is attached as Appendix B to this order.

We come to the conclusion that government counsel misapprehends the functions of the two branches—Executive and Judi-

cial—in cases of this sort. In our system of government, the Executive, as prosecutor, seeks the conviction and punishment of the defendant. The Judicial branch stands between the Executive and the defendant to see that the defendant be not convicted or punished save by due process of law.

The Executive now states to the court that, on account of its "policy" or for other reasons, it has made no effort to protect itself from the dissipation of appellee's assets pending appeal or during custody. It has not moved the district court for any protection. It has gathered no evidence touching upon the ability of the appellee to pay or deposit the fine or post a bond. "The United States has as a policy declined to pursue execution pending appeal of those portions of sentences which impose fines."

The effect of the motion, reduced to its essentials, is that the court, which is not the prosecutor, contravene the policy of the Executive and, by its own order, see to the execution of the portion of this sentence which imposes this fine. We are not advised of the reasons for the policy which causes the Executive to stay its hand. It may be well considered or it may be unwise. At all events, it would be appropriate for the prosecutor to exhaust such remedies as are given to it by the sentence before moving this court to do that which the Executive, for its own reasons, declines to do.

If it be the policy of the Executive to seek this sort of relief, it should be sought in the district court where evidentiary hearing may be had to determine the need for the relief sought and the ability of the appellee to respond to such order as may be sought.

This court does not denigrate the importance of the recovery, by the Executive, of fines imposed in criminal cases. However, under the circumstances disclosed by the government's response in this case, we conclude that the motion filed in this court does not represent a serious undertaking on the part of the Executive to deal with the problem but is merely a gesture for the file. Accordingly, the same is

DENIED.

## APPENDIX A

### UNITED STATES COURT OF APPEALS

### ELEVENTH CIRCUIT

| | | |
|---|---|---|
| SAM WARD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 81–7569 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee. | ) | |

---

**NOTICE OF MOTION TO REQUIRE DEPOSIT OF FINES OR POSTING OF BOND PENDING APPEAL**

TO: Defendant and his Attorney:

PLEASE TAKE NOTICE that plaintiff, United States of America, moves the above-entitled court under Rule 38(a)(3) of the Federal Rules of Criminal Procedure for an order requiring the deposit of fines or posting of bond.

Said motion is based on this notice, the files and records of the Court, and the brief in support of motion attached hereto.

DATED: 4/22/82

HINTON R. PIERCE
UNITED STATES ATTORNEY

By: /s/ Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney

**1386**

UNITED STATES COURT OF APPEALS

ELEVENTH CIRCUIT

SAM WARD,            )
                     )
         Appellant,  )
                     )
v.                   )        CASE NUMBER: 81–7569
                     )
UNITED STATES OF AMERICA,  )
                     )
         Appellee.   )

---

**MOTION TO REQUIRE DEPOSIT OF FINES OR POSTING OF BOND PENDING APPEAL**

COMES NOW the United States of America by its attorney, Melissa S. Mundell, Assistant United States Attorney for the Southern District of Georgia, and moves the Court pursuant to Rule 38(a)(3) of the Federal Rules of Criminal Procedure for an order requiring the defendant, Sam Ward, pending appeal, to deposit the amount of his fines and costs in the Registry of the District Court or give bond for the payment thereof or to submit to an examination of his assets. Alternatively, plaintiff moves the Court for an order preventing the defendant from dissipating his assets during the pendency of the appeal.

HINTON R. PIERCE
UNITED STATES ATTORNEY

By: /s/ Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney

UNITED STATES COURT OF APPEALS

ELEVENTH CIRCUIT

SAM WARD,            )
                     )
         Appellant,  )
                     )
v.                   )        CASE NUMBER: 81–7569
                     )
UNITED STATES OF AMERICA,  )
                     )
         Appellee.   )

---

**BRIEF IN SUPPORT OF MOTION TO REQUIRE DEPOSIT OF FINES OR POSTING OF BOND PENDING APPEAL**

A jury verdict of guilty was returned against the defendant, Sam Ward, on multiple counts involving violations of the Title 21, United States Code, §§ 963, 846, 841(a)(1) and 843(b); and Title 18, United States Code, § 2.

On June 26, 1981, the following sentence was imposed upon the defendant: fined $125,000.00 and sentenced to 15 years custody of the Attorney General and a special parole term of 5 years.

A fine imposed in a criminal case is enforced by execution against the property of a defendant in the same manner as a judgment in a civil case. See Title 18, United States Code Section 3565. Unless a defendant voluntarily pays a fine imposed upon him or has assets which can be attached to enforce collection, generally it is not possible to collect the fine while the defendant is

in prison. Collection after release from a lengthy prison term is difficult because defendants often lack attachable assets, are not steadily employed, and may be difficult to locate.

With regard to the instant case, the defendant is 34 years of age. In view of the length of the prison sentence imposed upon the defendant and the age which he may be when released from prison, it is highly unlikely that the fine imposed by the Court ever will be collected, unless immediate steps are taken to insure payment.

The Court should not be rendered powerless to enforce its decree should the judgment appealed from be affirmed. *Stern v. United States*, 249 F.2d 720 (2d Cir. 1957).

In order to protect the Court's judgment herein pending appeal and to insure collection if the conviction is affirmed, the defendant should be required to deposit the amount of his fine in the Registry of the Court, or to give bond for the payment therefore, or to submit to an examination of assets in accordance with the provisions of Rule 38(a)(3) of the Federal Rules of Criminal Procedure.

For the foregoing reasons, the United States of America respectfully requests that this motion be granted.

> HINTON R. PIERCE
> UNITED STATES ATTORNEY
> By: /s/ Melissa S. Mundell
> Melissa S. Mundell
> Assistant United States Attorney

### CERTIFICATE OF SERVICE

This will certify that I have served counsel of record with the foregoing Notice of Motion to Require Deposit of Fines or Posting of Bond Pending Appeal, Motion to Require Deposit of Fines or Posting of Bond Pending Appeal, Brief in Support of Motion to Require Deposit of Fines or Posting of Bond Pending Appeal, and Order Requiring Deposit of Fines Pending Appeal by depositing copies of same in the United States Mail with adequate postage addressed to:

Orion L. Douglass, Esq.
P.O. Box 901
Brunswick, Georgia 31521
This 22 day of April, 1982.

> /s/ Melissa S. Mundell
> Melissa S. Mundell
> Assistant United States Attorney

UNITED STATES COURT OF APPEALS

ELEVENTH CIRCUIT

| | |
|---|---|
| SAM WARD, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  CASE NUMBER: 81–7569 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee. | ) |

---

### ORDER REQUIRING DEPOSIT OF FINES PENDING APPEAL

This cause coming to be heard on the motion of Melissa S. Mundell, Assistant United States Attorney for the Southern District of Georgia, and this Court being fully advised of the premises:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sam

Ward, appellant in the above-entitled case, pending appeal, is directed to deposit, within 30 days of the date hereof, in the Registry of the United States Court of Appeals for the Eleventh Circuit the sum of $_____ as security for satisfaction of the fine owed by the defendant in this cause.

ENTER:

_____
Judge, United States Court of Appeals for the Eleventh Circuit.

## UNITED STATES COURT OF APPEALS

### ELEVENTH CIRCUIT

| | | |
|---|---|---|
| SAM WARD, | ) | |
| Appellant, | ) | |
| v. | ) | CASE NUMBER: 81–7569 |
| UNITED STATES OF AMERICA, | ) | |
| Appellee. | ) | |

## MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO REQUIRE PAYMENT OF FINE, ETC.

The United States Attorney has moved this Court, under Rule 38(a)(3), Federal Rules of Criminal Procedure for an order conditioning Defendant's appeal on his deposit of the fine ($150,000.00), posting a bond for the payment thereof, or submitting to an examination of his assets.

This defendant has already had an inquiry into his financial condition in accordance with 18 U.S.C. 3006A(b), has been found financially unable to pay for his defense, and has been represented by appointed counsel since the onset of this prosecution. To condition his appeal upon deposit of the fine or the posting of the bond will, in effect, be a denial of his right to appeal because of his indigency. That cannot be done. See *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. [585] 12, 100 L.Ed.2d 891 (1956). He is not required to prepay fees and costs or security therefor or to file the affidavit required by 28 U.S.C. 1915(a). 18 U.S.C. 3006A[(d)](6). He is entitled to and has appointed counsel on the appeal. See U.S.C. 3006A(c). Rule 38(a)(3) to negate the constitutional and statutory guarantees relative to his appeal would be the height of oppression.

Respectfully submitted,

_____
ORION L. DOUGLASS

### CERTIFICATE OF SERVICE

This will certify that I have served counsel of record with the foregoing Memorandum in Opposition to Government's Motion to Require Payment of Fine, Etc., by depositing copies of same in the United States Mail with adequate postage addressed to:

Melissa S. Mundell
Assistant United States Attorney
P.O. Box 8999
Savannah, Georgia 31412

_____
ORION L. DOUGLASS
Attorney for Appellant

## APPENDIX B

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 81–7569
No. 81–7657 (Consolidated)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRUCE GRAZIANO,
SAM WARD,

Defendants-Appellants.

### APPELLEE'S RESPONSE TO ORDER OF JUNE 25, 1982

COMES NOW the United States, Appellee in the above-styled case, and files this its Response to Order of June 25, 1982, showing the Court as follows:

1. The United States has as a policy declined to pursue execution pending appeal of those portions of sentences which impose fines.

2. Rule 38(a)(3) allows the relief sought in the district court or the Court of Appeals. No motion was filed in the district court in this case, although it will be the policy of this office to file such motions in the future.

3. Without further civil discovery, the United States cannot controvert the allegations of insolvency by either Appellant. It is the United States' belief that Appellant Graziano is able to comply with this Rule 38(a)(3) request based upon testimony given at the April 7, 1981, bond hearing.

4. The United States is not requesting that this Court condition the appeal upon compliance with any Rule 38(a)(3) order. The manner of enforcement of any such order would be within the Court's discretion.

5. The record on appeal in this case has been filed with this Court and the United States does not have access to a complete record of the proceedings below. Thus, we are unable to state whether a motion to stay execution was filed below. However, as noted above, it is our policy to defer execution of sentence pending appeal.

6. It is believed that it is in the best interest of the United States to seek this relief in order to avoid dissipation of assets pending further civil discovery and resolution of this appeal.

For the above and foregoing reasons the United States respectfully requests that its motion be granted.

Respectfully submitted,
HINTON R. PIERCE
UNITED STATES ATTORNEY
/s/   Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney

P.O. Box 8999
Savannah, GA 31412

### CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed a copy of the foregoing Appellee's Response to Order of June 25, 1982, to:

Edward T. M. Garland and
Steven H. Sadow
92 Luckie St., N.W.
Atlanta, GA 30303

Orion L. Douglass
P.O. Box 901
Brunswick, GA 31521

by placing same in a properly addressed envelope with sufficient postage thereon and placing same in the United States Mail.

This 6th day of July, 1982.

/s/    Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney