GOVERNMENT NATIONAL MORT-
GAGE ASSOCIATION, et
al., Appellants,

v.

ADANA MORTGAGE BANKERS, INC.,
et al., Appellees.

Nos. 81–7629, 81–7995.

United States Court of Appeals,
Eleventh Circuit.

March 9, 1982.

James E. Baker, U. S. Atty., Douglas P. Roberto, Asst. U. S. Atty., Atlanta, Ga., Kenneth Oestreicher, U. S. Dept. of Justice, Washington, D. C., for appellants in both cases.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Andrew J. Ekonomou, Acting U. S. Atty., Atlanta, Ga., David Epstein, Atty., Al J. Daniel, Jr., Anthony J. Steinmeyer, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for appellants in No. 81–7629.

Carr, Abney, Tabb & Schultz, Benjamin C. Abney, Long, Aldridge, Heiner, Stevens & Sumner, John G. Aldridge, Atlanta, Ga., for appellees in both cases.

Thomas W. Tobin, Atlanta, Ga., for appellees in No. 81–7629.

Before TJOFLAT, FAY and HENDERSON, Circuit Judges.

BY THE COURT:

The joint motion of parties to vacate the orders appealed from is granted, 12 B.R. 989 (Bkrtcy.1980) and 12 B.R. 1012 (Bkrtcy. 1981),

IT IS FURTHER ORDERED that the alternative motion to dismiss the appeal as moot is granted.

Thomas QUARLES, Plaintiff-Appellant,

v.

Lenwood SAGER, et al.,
Defendants-Appellees.

No. 81–7422.

United States Court of Appeals,
Eleventh Circuit.

Sept. 27, 1982.

Mark E. Hoffman, Birmingham, Ala. (Court-appointed), for plaintiff-appellant.

J. Thomas Leverette, Asst. Atty. Gen., Elizabeth Ann Evans, Montgomery, Ala., for defendants-appellees.

Before HILL and CLARK, Circuit Judges, and SCOTT *, District Judge.

PER CURIAM:

On this appeal, we are asked whether the district court correctly entered judgment below in favor of defendants on the ground of res judicata. We hold that res judicata principles do not apply and reverse and remand.

*Factual Background*

In 1973, Thomas Quarles was convicted of assault with intent to commit murder and sentenced to 15 years in the state penitentiary. Apparently because of the ineffectiveness of his counsel, his state appeals were frustrated. Following a hearing on Quarles' petition for a writ of habeas corpus, the United States District Court on December 9, 1977 entered an order finding that Quarles' counsel had been ineffective

* Honorable Charles R. Scott, U. S. District Court Judge for the Middle District of Florida, sitting

in the state appellate system and directed the state to provide an out-of-term appeal and to appoint counsel. The district court provided that if the state failed to avail itself of an opportunity to correct the deficiency in the appellate process, that the court would at the end of 90 days enter an appropriate order. On April 7, 1978, Quarles escaped and was not returned to custody until June 10, 1980. In August 1978, the state moved to dismiss its pending appeal of the district court's order. The Fifth Circuit at that time held:

> In the instant case, the relief ordered by the district court is particularly ill-suited for review given the fact that Quarles has escaped from state prison. Under the circumstances, we hold that the order of the district court should be vacated and the appeal dismissed should Quarles not be returned to the direct custody of the state of Alabama, by surrender or otherwise, within 60 days of the date of this order.

*Quarles v. Alabama,* 578 F.2d 1148, 1149 (5th Cir. 1978). The court directed that if Quarles returned within 60 days, the state would have an opportunity to proceed with its appeal. Otherwise, the order of the district court was to be "vacated and the appeal dismissed." Quarles did not return within the 60 days.

Thomas Quarles filed a 42 U.S.C. § 1983 action on September 3, 1980. The complaint alleged essentially that Quarles was initially arrested under a void warrant, that his indictment did not charge "a crime," and that his counsel was ineffective. Named as defendants were the sheriff, deputy sheriffs, judges, and court officers involved in Quarles' state arrest and conviction and from whom Quarles demanded money damages.

On January 20, 1981, the United States Magistrate entered an order instructing the parties to reassess the case in light of *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (res judicata concepts by designation.

apply to § 1983 actions). The state defendants promptly responded indicating that since the ineffectiveness claim had been previously adjudicated, consideration of the claim was barred in this case. The magistrate recommended a dismissal on res judicata grounds of the entire claim, noting that "essentially the same claim" was made in this action as had been made in the prior habeas action. The district judge accepted the recommendation of the magistrate and dismissed "on res judicata grounds."

On appeal, even the appellees seem to acknowledge that res judicata does not apply in this case. Supp. Brief of Appellees 7. Appellees contend, however, that the appellant is "disentitled to call upon the resources of the Court for determination of his claims, pursuant to 42 U.S.C. § 1983, where he voluntarily abandoned those same claims by escaping during the pendency of his earlier habeas corpus appeal." *Id.* at 1. *See Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Joensen v. Wainwright*, 615 F.2d 1077 (5th Cir. 1980); *Estrada v. United States*, 585 F.2d 742 (5th Cir. 1978).

### Res Judicata

■■■ The term "res judicata" has been applied to both claim preclusion and issue preclusion. *See, e.g., Allen v. McCurry, supra.* Claim preclusion does not apply in this case. The judgment of the district court was vacated; thus, no final judgment on the merits exists. *Bradford v. Bronner*, 665 F.2d 680 (5th Cir. 1982). Appellees' attempt to characterize the action of the Fifth Circuit as a "default" judgment must fail. Even if successfully so characterized, such a judgment is not "on the merits." *Kaspar Wireworks, Inc. v. Leco Engineering & Mach.*, 575 F.2d 530, 539 (5th Cir. 1978). Issue preclusion (collateral estoppel) is also inapplicable. Under that doctrine, issues are not relitigated if they have previously been actually adjudicated and are essential to a judgment between the same parties. *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971). The district court in the initial habeas corpus

case resolved the competency of counsel issue in favor of Mr. Quarles. The circuit court did not decide the competency issue on the merits. Additionally, there are issues in the § 1983 complaint not precluded by the competency of counsel issue. "Res judicata" does not bar this action.

We do not address the merits of appellees' *Molinaro* contentions. The record is insufficient for us to do so. The district court on remand may, of course, deal with the "abandoned claim" defense. We also note the possible applicability of the doctrines of immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (judges and prosecutors); *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) (qualified immunity of police officers). *See Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

At oral argument we were informed that Quarles is now on parole. Also, another proceeding is pending in which Quarles seeks to have his 1973 conviction vacated on grounds that it was obtained in violation of his constitutional rights. Judicial economy suggests consolidation of that action with this remanded action if such is practicable.

REVERSED AND REMANDED.

JAMES C. HILL, Circuit Judge, dissenting.

In 1977, Quarles invoked the jurisdiction of the federal court by filing his petition for writ of habeas corpus. In that petition, he complained that, in the state system, he had been denied the opportunity of appealing his conviction due to inadequate assistance of counsel. As I view it, Quarles was seeking, in the federal court, an order and judgment granting him the right to an out-of-time appeal. The federal courts cannot direct the state judiciary to grant an appeal, but in a judgment on a petition for the Great Writ may accomplish the granting of the appeal by denying to the state the right to the further execution of the sentence if the appeal privilege not be given.

Quarles made a great deal of headway in the federal judiciary in his pursuit of an

appeal in the state system. The district judge agreed with him and directed that the state grant Quarles an appeal and that counsel be appointed to represent him on the appeal upon pain of the entering of "an appropriate order" by the district judge if these things not be accomplished within 90 days. Quarles was thus proceeding very well in his search for the right to an appeal in the state system, but he had not obtained a final judgment. The state appealed to the United States Court of Appeals for the Fifth Circuit, seeking the reversal of the district court's judgment.

At that point, Quarles abandoned his effort to obtain an out-of-time appeal. *Estelle v. Dorrough*, 420 U.S. 534, 539 n.7, 95 S.Ct. 1173, 1176 n.7, 43 L.Ed.2d 377 (1975); *Allen v. Georgia*, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); *Joensen v. Wainwright*, 615 F.2d 1077, 1080 (5th Cir. 1980). No longer willing to abide the jurisdiction of the court, which he had invoked, he escaped from custody and, for more than two years, his whereabouts were unknown to the state authorities or to the judiciary. *Because Quarles had abandoned his case*, all that he had secured was ordered vacated and his claim was dismissed. Under rationale of *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the dismissal of his original habeas petition was proper. Quarles should not be allowed, once again, to invoke federal jurisdiction for the purpose of presenting these claims. It is true that Quarles comes to court now asserting his claims under 42 U.S.C. § 1983. Nevertheless, his assertions are that his conviction in the state court violated the Constitution and that the sentence pronounced upon him by the state court ought to be declared invalid. Those are the issues that he sought to present to the appellate courts of the state by the out-of-time appeal which he sought to obtain in the original habeas corpus petition. Now, he seeks to present them directly to the federal court, without an appeal to the state appellate court, cloaked in a section 1983 case.

Section 1983, however, does not provide an alternative method of presenting an attack upon the constitutionality of a convic-

tion. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Stevens v. Heard*, 674 F.2d 320 (5th Cir. 1982); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 345 (5th Cir. 1977), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 342 (5th Cir. 1977). Quarles abandoned what he originally sought, and what he now asserts is nothing more than a disguised attempted reinstatement of his habeas petition.

I should affirm the judgment of the district court dismissing this case, without remand, even though my reasons for dismissal are somewhat different from those stated by the district court.