**Richard Alan CLARK, Petitioner,**

v.

**Stephen DALSHEIM, Superintendent, Ossining Correctional Facility, Defendant.**

**No. 79 Civ. 3152 (JMW).**

United States District Court, S.D. New York.

July 9, 1987.

Douglas S. Liebhafsky, Wachtell, Lipton Rosen & Katz, New York City, for petitioner.

Tyrone Mark Powell, New York Atty. Gen.'s Office, New York City, for defendant.

## MEMORANDUM AND ORDER

WALKER, District Judge:

### INTRODUCTION

Petitioner Richard Alan Clark ("Clark") has brought the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In her report and recommendation, Magistrate Nina Gershon recommended that this Court dismiss the instant petition on the grounds that Clark failed to exhaust his state remedies.

For the reasons set forth below, the Court finds that petitioner's status as a

---

fugitive warrants the dismissal of his petition.[1]

### STATEMENT OF FACTS

The instant petition arises out of Clark's 1979 conviction on charges of First Degree Sodomy. On June 29, 1977, petitioner was sentenced to an indeterminate prison term of from five to twenty years. Petitioner's conviction was affirmed by an appellate division panel, which reduced his sentence to a prison term of from 0 to 15 years. *People v. Clark*, 67 A.D.2d 987, 413 N.Y. S.2d 623 (2d Dep't 1979), *appeal dismissed*, *People v. Clark*, 46 N.Y.2d 1078, 416 N.Y. S.2d 1032, 390 N.E.2d 307 (1979). Petitioner subsequently filed the instant habeas petition, alleging that he was denied effective assistance of counsel during his criminal trial, in violation of the sixth amendment.

On August 7, 1979, petitioner was released on parole, after serving a few months of his sentence at the Ossining Correctional Facility. On March 5, 1980, petitioner allegedly cashed a forged check for $116 in Poughkeepsie, New York. The state issued a warrant on June 16, 1980 for petitioner's arrest on forgery charges. On June 30, 1980, petitioner allegedly burglarized a Belford, New Jersey residence, taking some $3,500 in coins and jewelry. New Jersey police listed petitioner as a suspect in the burglary investigation, but never located him for questioning.

Petitioner last visited his parole officer in Poughkeepsie, New York on June 4, 1980. Since this date, petitioner has not visited his police officer, and a subsequent search for petitioner by this officer proved unsuccessful. On July 1, 1980, the Poughkeepsie parole office filed a report, which charged petitioner with violating his parole.

Petitioner has not been apprehended for either the March 1980 forgery or the June 1980 burglary. State authorities have no record of Clark's whereabouts after petitioner's last contact with his parole officer in 1980. Clark's counsel in the instant action admits that he has not communicated with petitioner for some time, and that he does not know where petitioner currently resides.

### DISCUSSION

Respondent argues that since Clark is a fugitive from justice, the Court should dismiss the instant habeas petition. This argument received the tacit approval of Magistrate Gershon, who stated in a footnote to her report: "[I]t is within the Court's discretion to dismiss a habeas corpus petition where the petitioner has escaped from state custody." *Magistrate's Report*, P. 16 n. 1.

■ While the federal courts possess jurisdiction over actions commenced by fugitives from justice, typically courts will dismiss such actions before reaching the merits of the fugitive's claim. *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam); *United States v. Forty-Five Thousand Nine Hundred Forty Dollars in United States Currency*, 739 F.2d 792, 796–98 (2d Cir.1984). At least three policies support the summary dismissal of claims brought by fugitives. First, since a fugitive is by definition isolated from the courts, decisions affecting him would be little more than advisory opinions, having limited practical effect. *Eisler v. United States*, 338 U.S. 189, 190, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949) (per curiam); *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir.1977) (per curiam); *Stern v. United States*, 249 F.2d 720, 722 (2d Cir.1957). Second, courts view allowing fugitives to press those cases where they expect to receive some benefit, while refusing to accept decisions imposing some burden, as inequitable. *United States ex rel. Bailey v. United States Commanding Officer of the Provost Marshal, United States Army*, 496 F.2d 324, 326 (1st Cir.1974); *Dawkins v. Mitchell*, 437 F.2d 646, 649 (D.C.Cir. 1970); *United States v. One Lot of U.S. Currency Totalling $506, 537.00*, 628 F.Supp. 1473, 1476 (S.D.Fla.1986) ("This

---

1. In concluding that petitioner's status as a fugitive constitutes grounds for dismissing the instant petition, the Court need not assess Magistrate Gershon's recommendation that Clark's failure to exhaust his state remedies justifies dismissal of his petition.

type of conduct is, simply stated, unfair."). Third, the rule that precludes fugitives from pressing legal claims might tend to discourage prison escapes or parole violations. *Estelle v. Dorrough,* 420 U.S. 534, 541–42, 95 S.Ct. 1173, 1177–78, 43 L.Ed.2d 377 (1975); *Lewis v. Delaware State Hospital,* 490 F.Supp. 177, 182 (D.Del.1980).

 Given these policies, courts have not hesitated to summarily dismiss habeas corpus petitions brought by fugitives. *See, e.g., Quarles v. Alabama,* 578 F.2d 1148, 1149 (5th Cir.1978); *Lopez v. Malley,* 552 F.2d 682, 683 (10th Cir.1977) (per curiam); *United States v. Collins,* 651 F.Supp. 1177 (S.D.Fla.1987); *Lewis v. Delaware State Hospital,* 490 F.Supp. 177, 181–83 (D.Del. 1980).[2] Such a summary dismissal is appropriate in the instant case. Petitioner has failed to report to state authorities for almost seven years, although communication with these authorities was a stated condition of his early release from prison. Further, petitioner has failed to answer for at least two crimes which he allegedly committed after leaving prison, despite the issuance of an arrest warrant in connection with one of these incidents. Petitioner thus falls within the definition of a fugitive from justice, as that term has been used in decisions summarily dismissing claims brought by fugitives. *See, e.g., Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam); *Brin v. Marsh,* 596 F.Supp. 1007, 1009 (D.D.C. 1984).

Petitioner's counsel does not contest that Clark is a fugitive, but instead argues that petitioner's fugitive status does not mandate a summary dismissal. This Court agrees with petitioner's counsel that summary dismissal of a fugitive's claim is discretionary, and not mandatory. *See Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam); *United States v. Shapiro,* 391 F.Supp. 689, 691–92 (S.D.N.Y.1975). One can imagine hypotheticals, such as where an escaped inmate had been threatened

with reprisals by prison officials if he filed a habeas petition, when a court should consider the merits of the fugitive's petition. However, counsel has failed to plead the existence of any such extraordinary circumstances in the instant case. The Court can only conclude that petitioner's fugitive status results from his contempt for the law, and nothing more.

### CONCLUSION

The instant petition for a writ of habeas corpus is dismissed.

SO ORDERED.

---

**2.** These cases rely on prior decisions dismissing a fugitive's direct appeal of his criminal conviction. *See Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Eisler v. United States,* 338 U.S. 189, 190, 69 S.Ct. 1453, 1454, 93 L.Ed. 1897 (1949).