**Darryl WALLACE, Petitioner,**

v.

**Carl SMITH, Superintendent, Marcy Correctional Facility, and Robert Abrams, Attorney General of New York, Respondents.**

**No. 92 CV 0111(FB).**

United States District Court,
E.D. New York.

Jan. 4, 1995.

Philip L. Weinstein, The Legal Aid Soc., New York City, Nancy E. Little, of counsel, for petitioner.

Dennis C. Vacco, Atty. Gen. of the State of N.Y., New York City, Monica R. Jacobson, Asst. Atty. Gen., for respondent.

### MEMORANDUM AND ORDER

BLOCK, District Judge:

Petitioner Darryl Wallace ("Wallace") brought this *habeas corpus* petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court concludes that Wallace's status as a fugitive from justice warrants dismissal of the petition.

1. The case was transferred to Judge Frederic

### I.

### FACTS

On April 19, 1989, Wallace was convicted in New York State court of criminal possession of a controlled substance in the third degree for possessing with the intent to sell thirty-seven vials of crack-cocaine. He was sentenced to six to twelve years imprisonment. On February 4, 1991, the New York Appellate Division, Second Department, affirmed the conviction, rejecting Wallace's argument that the trial court deprived him of his due process protections by refusing to charge the jury the lesser included offense of criminal possession of a controlled substance in the seventh degree (possession for personal use). *People v. Wallace*, 170 A.D.2d 468, 565 N.Y.S.2d 557 (2d Dept.1991). The New York Court of Appeals denied leave to appeal. *People v. Wallace*, 77 N.Y.2d 1002, 571 N.Y.S.2d 928, 575 N.E.2d 414 (1991).

On January 10, 1992, Wallace filed his *habeas corpus* petition. On March 30, 1992, the New York Attorney General filed his opposition papers. On November 7, 1993, Wallace, while on work release from prison, absconded. By letter dated November 16, 1994, in response to a request for a status report, Wallace's counsel informed the Court: [1]

> On November 7, 1993, [Wallace] absconded from work release. I have checked with the New York State Department of Correctional Services, and Mr. Wallace has not been picked up on the absconder warrant and he is not presently in state custody or under parole supervision. I have also contacted the New York City Department of Corrections and Mr. Wallace is not presently in city custody.

Letter of Nancy E. Little, Associate Appellate Counsel, The Legal Aid Society (Nov. 16, 1994) (footnote omitted).

### II.

### DISCUSSION

As recently stated by the Second Circuit in *Bar–Levy v. United States Dept. of Justice*,

Block on November 7, 1994.

*Immigration and Nat. Serv.*, 990 F.2d 33, 35 (2d Cir.1993), "[i]t is well established that courts have the authority to dismiss criminal appeals when their jurisdiction is invoked by a fugitive from justice." The court identified four rationales underlying such a policy:

> First, a decision respecting a fugitive is effectively unenforceable because the fugitive is beyond the control of the court.... Second, loss of appellate review is appropriate because the fugitive flouts the judicial process by escaping.... Third, a rule of dismissal has the salutary effects of discouraging escape and promoting the efficient operation of the appellate courts.... Fourth, the delay occasioned by the period of a defendant's flight can prejudice the prosecution should a new trial be ordered after a successful appeal.

*Id.* (*quoting United States v. Persico*, 853 F.2d 134, 137 (2d Cir.1988)).

While *Bar–Levy* did not involve a petition for *habeas corpus*, which is a civil proceeding, the court made clear that the fugitive from justice rule will apply to civil cases: "We have extended the fugitive from justice rule to civil cases in which the appellant is a fugitive in a criminal matter." *Id.* (*citing United States v. $45,940 in U.S. Currency*, 739 F.2d 792, 796–98 (2d Cir.1984)).[2] Thus, "courts have not hesitated to summarily dismiss *habeas corpus* petitions brought by fugitives." *Clark v. Dalsheim*, 663 F.Supp. 1095, 1097 (S.D.N.Y.1987) (citing cases).

In *Clark*, the petitioner was released on parole while his *habeas corpus* petition was pending. While on parole, the petitioner allegedly cashed a forged check, for which a warrant for his arrest issued. Thereafter, he became a burglary suspect but was not questioned by police because they could not locate him. He also violated his parole by not reporting to his parole officer. Based upon these facts, the court concluded that the petitioner was a fugitive from justice. After discussing the policies underlying summary dismissals of *habeas corpus* actions brought by such fugitives, the court concluded:

Such a summary dismissal is appropriate in the instant case. Petitioner has failed to report to state authorities for almost seven years, although communication with these authorities was a stated condition of his early release from prison. Further, petitioner has failed to answer for at least two crimes which he allegedly committed after leaving prison, despite the issuance of an arrest warrant in connection with one of these incidents. Petitioner thus falls within the definition of a fugitive from justice, as that term has been used in decisions summarily dismissing claims brought by fugitives.

663 F.Supp. at 1097 (footnote and certain citations omitted).

The *Clark* court recognized, however, that "summary dismissal of a fugitive's claim is discretionary, and not mandatory," *id.*, and described the type of case warranting adjudication on the merits:

> One can imagine hypotheticals, such as where an escaped inmate had been threatened with reprisals by prison officials if he filed a habeas petition, when a court should consider the merits of the fugitive's petition. However, counsel has failed to plead the existence of any such extraordinary circumstances in the instant case. The Court can only conclude that petitioner's fugitive status results from his contempt for the law, and nothing more.

*Id.*

Like the petitioner in *Clark*, Wallace has failed for over a year to satisfy the condition of his work release requiring him to report to state authorities. He has also, like the *Clark* petitioner, failed to respond to a warrant seeking his arrest. Wallace's counsel has not advanced any argument that Wallace's abscondence resulted from extraordinary circumstances. The Court therefore concludes that Wallace is a fugitive from justice resulting from his contempt for the law and, ac-

---

**2.** Other courts also have invoked the rule in civil actions. *See Conforte v. Commissioner of Internal Revenue*, 459 U.S. 1309, 1312, 103 S.Ct. 663, 664, 74 L.Ed.2d 588 (1983) ("While this Court has never extended the 'fugitive from justice' rule

beyond ... facts ... where the criminal conviction the litigant is a fugitive from is the judgment being challenged on appeal[ ], the court below correctly points out that the Courts of Appeals have done so on a number of occasions").

8

cordingly, dismisses his *habeas corpus* petition.

**SO ORDERED.**