**Nelson TORRES, Petitioner,**

v.

**PEOPLE OF the STATE OF NEW YORK, Respondent.**

**No. 96 CIV. 7633(DLC).**

United States District Court, S.D. New York.

Sept. 9, 1997.

Nelson Torres, East Elmhurst, NY, pro se.

. Andrew C. Tsunis, Asst. Atty. Gen., Div. of State Counsel, Litigation Bureau, New York City, for Defendant.

*ORDER*

COTE, District Judge.

**Procedural History**

Petitioner, Nelson Torres, filed this petition for a writ of habeas corpus on September 23, 1996. On January 15, 1997, this Court ordered the respondent to answer the petition and referred the action to Magistrate Judge Peck for the preparation of a

Report and Recommendation pursuant to 28 U.S.C. § 636(b).

On December 30, 1996, Torres was released on parole. On March 25, 1997, respondent's counsel notified Judge Peck that petitioner had absconded and a warrant had been issued for his arrest. On April 1, 1997, Judge Peck ordered Torres to provide the Court with a valid current address or face dismissal.[1] Torres did not respond to this Order. On April 22, 1997, respondent's counsel, however, did notify Judge Peck that the petitioner had been arrested and was incarcerated at Riker's Island. On May 1, 1997, Judge Peck again ordered Torres to confirm his address by May 15, 1997 or face dismissal. Torres did not respond to that Order.

On July 15, 1997 Judge Peck issued his Report and Recommendation to this Court. Judge Peck recommended that this Court dismiss the petition under the "fugitive disentitlement doctrine".[2] *See, e.g., Molinaro v. New Jersey,* 396 U.S. 365, 365–66, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586. As indicated by Judge Peck in his Report and pursuant to Rule 72, Fed.R.Civ.P., the petitioner and respondent had ten days in which to file objections to the July 15, 1997 Report. No objections by either party have been filed to date.

### Standard

■ In reviewing the Report, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted); *see also Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous").

1. This Order was sent to Torres at both his last address provided to the Court and to the address provided to his parole officer.

2. Judge Peck, in the alternative, recommended that the Court dismiss the petition for failure of the petitioner to comply with Court Orders.

1. The Court's April 1, 1997 Order stated, in full:

### Discussion

■ Having reviewed the Report, I find no facial errors in it. I, therefore, accept and adopt the Report. In addition, petitioner's failure to respond to Court Orders, to respond to the brief from the State, or to file Objections to the Report, indicates that the petitioner is no longer interested in prosecuting his petition. The Clerk of Court shall dismiss this petition. I further order that no certificate of appealability shall issue. I find, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED:

### *REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

To the Honorable Denise L. Cote, United States District Judge:

On or about September 23, 1996, Nelson Torres filed the instant petition for a writ of habeas corpus. Petitioner Torres was released on parole on December 30, 1996. On March 25, 1997, the Attorney General's Office notified the Court that it "was advised by petitioner's Parole Officer, Lorenzo Brieba, that petitioner has absconded and a warrant (# 267200) has been issued for his arrest on March 6, 1997." The Assistant Attorney General also reported that petitioner Torres "gave a false address to his parole officer" and therefore there was no way to contact Torres.

On April 1, 1997, this Court ordered Torres to provide the Court with a valid current address or face dismissal of his habeas petition.[1]

> It appearing from the attached letter to the Court from the Attorney General's Office that petitioner Torres was released on parole but currently is a fugitive with an outstanding bench warrant, the Court will dismiss Torres's habeas petition with prejudice unless Torres contacts the Court and the Attorney General's Office by April 30, 1997 to provide a valid current address and telephone number.

The Court has not heard from Torres in response to the April 1, 1997 Order.[2]

 Accordingly, I recommend that the Court dismiss Torres' habeas corpus petition pursuant to the "fugitive disentitlement doctrine." *See, e.g., Molinaro v. New Jersey,* 396 U.S. 365, 365–66, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970); *Prevot v. Prevot,* 59 F.3d 556, 562–67 (6th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1048, 134 L.Ed.2d 194 (1996); *United States v. Eng,* 951 F.2d 461, 465 (2d Cir.1991); *Hinkle v. Calderon,* No. C 96–3336, 1997 WL 9852 at *1 (N.D.Cal. Jan.7, 1997); *SEC v. Roman,* 94 Civ. 3621, 1996 WL 34146 at *1–2 (S.D.N.Y. Jan.30, 1996); *BCCI Holdings (Luxembourg), S.A. v. Pharaon,* 94 Civ. 3058, 1995 WL 489426 at *2–3 (S.D.N.Y. Aug.11, 1995); *Clark v. Dalsheim,* 663 F.Supp. 1095, 1096–97 (S.D.N.Y.1987).

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Denise L. Cote, 500 Pearl Street, Room 1040, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Cote. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130

L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

July 15, 1997.

This Order is being mailed to petitioner Torres at the last address he provided the Court as well as to the address he gave his parole officer.

2. By letter dated April 22, 1997, the Assistant Attorney General advised that petitioner was arrested on new charges and is incarcerated at Riker's Island. By Order dated May 1, 1997, the Court ordered Torres to confirm his address by May 15, 1997, "or face dismissal of his habeas petition." Some 60 days after that deadline, the

Court still has not heard from petitioner Torres. Even if the "fugitive disentitlement doctrine" discussed in text were not applicable, the Court should dismiss the petition for failure to comply with Court orders and S.D.N.Y. General Rule 3(b) then in effect (requiring a pro se party to designate an address at which the pro se party can be served). *See generally Lediju v. N.Y.C. Dep't of Sanitation,* 173 F.R.D. 105, 111–13 (S.D.N.Y.1997) (Peck, M.J.) (and cases cited therein).